BLUMENTHAL, NORDREHAUG & BHOWMIK
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
Piya Mukherjee (SBN 274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs

SEYFARTH SHAW LLP
Eric M. Steinert (SBN 168384)
E-mail: esteinert@seyfarth.com
Andrew M. McNaught (SBN 209093)
E-mail: amcnaught@seyfarth.com
Kimberly G. Brener (SBN 244531)
E-mail: kbrener@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY
(erroneously sued as "American Zurich Insurance Company")

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CORA BUCKLIN and VIRGINIA L. BURTON, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN ZURICH INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No. CV 11-1348 SI<br><br>STIPULATION AND [PROPOSED] ORDER TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)<br><br>Complaint Filed: March 21, 2011<br>First Amended Compl. Filed: May 18, 2011 |

Counsel for Plaintiffs Cora Bucklin and Virginia Burton and Defendant Zurich American Insurance Company having met and conferred regarding proper venue of this matter, have agreed

that this matter should be transferred to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). Accordingly, the parties hereby stipulate as follows:

WHEREAS, Plaintiffs filed their First Amended Complaint on May 18, 2011 and Defendant first appeared, by filing its Answer to Plaintiff's First Amended Complaint, on June 6, 2011. In its Answer, Defendant first raised its contention that the Central District of California is a more convenient forum for the litigation of the above-captioned action.

WHEREAS, Defendant thereafter prepared to file a Motion to Transfer Venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) on the grounds that (i) Plaintiffs' claims could have been brought in that district; (ii) the convenience of the witnesses and parties strongly favors a transfer; (iii) events relevant to Plaintiffs' claims and Defendant's defenses occurred in the Central District (*i.e.* Plaintiffs were employed by Defendant in the Central District of California) and, thus, sources of proof are in the Central District; (iv) Plaintiffs themselves are located in the Central District of California; and (v) the interests of justice are furthered by such a transfer.

WHEREAS, prior to filing its Motion, Defendant met and conferred with Plaintiffs' counsel regarding Defendant's Motion to Transfer Venue, and the parties ultimately agreed that the venue should be transferred to the Central District of California for the convenience of the parties and witnesses.

NOW, THEREFORE, the parties hereby stipulate and agree, and respectfully request that the Court order, that the above-captioned action be transferred to the Central District of California on the following grounds: (i) this case could have been brought in the Central District of California; (ii) transferring the case to the Central District of California would be more convenient to witnesses than would proceeding in this Court; (iii) transferring this case to the Central District of California would be more convenient to the parties than would proceeding in this Court; and (iv) the interests of justice are furthered by such a transfer.

The parties agree and stipulate that, under 28 U.S.C. § 1404(a), the Central District of California is the appropriate venue for this action and agree that this action should be transferred

to that venue. This case arises out of the Central District of California, as both Plaintiffs worked for Defendant in Woodland Hills, California and Plaintiffs reside in Los Angeles County.

The parties further stipulate and agree that, upon transfer, they will meet and confer as to a briefing schedule for Plaintiffs' motion for class certification that is outside of the timing required by Central District Local Rule 23-3.

**IT IS SO STIPULATED**.

DATED: June 29, 2011          SEYFARTH SHAW LLP


By____/s/ Kimberly Brener_____
    Eric M. Steinert
    Andrew M. McNaught
    Kimberly Brener
Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY


DATED: June 29, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK


By____/s/ Aparajit Bhowmik_____

Attorneys for Plaintiffs
CORA BUCKLIN and VIRGINIA L. BURTON


**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.** The Court hereby orders that this action be transferred to the Central District of California. No further proceedings shall be had in this Court.

DATED: June __30__, 2011

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE

3
Stipulation and [Proposed] Order to Transfer Venue to the Central District of California / Case No. CV 11-1348 SI

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Kimberly Brener, attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: June 29, 2011        By     /s/ Kimberly Brener
                                    Kimberly Brener