UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5519 AHM (MRWx) | | Date | April 25, 2012 |
|---|---|---|---|---|
| Title | Bucklin v. American Zurich Insurance Co. | | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| n/a | | n/a |

**Proceedings:**    (IN CHAMBERS) ORDER RE: DISCOVERY MOTION

   This is a discovery dispute in a wage-and-hour employment action.  Plaintiffs represent a putative class of claims adjusters working at an insurance company.  Plaintiffs allege that the classmembers were uniformly misclassified as exempt from receiving overtime pay and other benefits under state labor law.

   As part of the pre-class certification process, Plaintiffs wish to obtain discovery to determine the number of potential classmembers, contact information for those employees, information regarding their work duties, and the company's policies, procedures, and manuals related to their work.  (Docket # 43 (Joint Stipulation re: Motion to Compel Discovery).)

   Defendant opposes this discovery on numerous grounds.  At the fore, Defendant contends that recent decisions by the California Supreme Court and the Ninth Circuit Court of Appeals regarding insurance company employees will ultimately prevent Plaintiffs from obtaining class certification in this action.  As a result, Defendant believes that Plaintiffs' requested discovery cannot lead to relevant, admissible evidence.  Defendant also raises privacy concerns regarding the disclosure of its employees' personal contact information.  (Id.)

   After conducting a prehearing telephone call with the parties, consideration of supplemental briefing, and argument at a hearing today, the Court GRANTS Plaintiffs' discovery motion.  However, the Court intends to limit and control the requested discovery to address the legitimate privacy issues raised here.  The parties may meet-and-confer regarding the actual implementation of this decision, or return to the Court for further rulings.

∗ ∗ ∗

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5519 AHM (MRWx) | | Date | April 25, 2012 |
|---|---|---|---|---|
| Title | Bucklin v. American Zurich Insurance Co. | | | |

      As a starting principle, this Court recognizes that it has considerable discretion in controlling discovery at the pre-certification stage of a class action lawsuit.  Whether to allow discovery and how to manage it "lies within the sound discretion of the trial court."  Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir. 1975).  The Ninth Circuit explains that "the better and more advisable practice for a District Court to follow" is to allow discovery to assist in the determination of the class certification question.  Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977).  As the Ninth Circuit directly stated in addressing this issue recently, an extensive body of caselaw stands for "the unremarkable proposition that often the pleadings alone will not resolve the question of class certification, and that some discovery will be warranted."  Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009).

      A party seeking to conduct discovery must make a basic, prima facie showing that "discovery measures are likely to produce persuasive information substantiating the class action allegations."  Doninger, 564 F.2d at 1313.  However, in determining whether to allow discovery, a court should not go "beyond a consideration of a prima facie showing and into consideration of Plaintiff's likelihood of success at the class certification stage."  Kaminske v. JP Morgan Chase Bank N.A., SA CV 09-918 JVS (RNBx), 2010 WL 5782995, *3-5 (C.D. Cal. May 21, 2010) (noting that a litigant may have an "uphill battle" on the merits of the case, but "should not suffer for the failures of other litigants" in similar cases).

      In the present matter, the core of Plaintiffs' claim is that a group of insurance company employees have been misclassified based on their job title.  Plaintiffs seek a limited amount of information about other employees to determine whether the putative class has sufficient numerosity and commonality of interests to proceed with the litigation.  There has been considerable labor litigation specific to insurance and financial service industry employees.  See, e.g., Harris v. Superior Court, 53 Cal. 4th 170 (2011); In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation, 481 F.3d 1119 (9th Cir. 2007); Vinole, 571 F.3d at 944-48.  The Court expresses no opinion as to whether those decisions will eventually foreclose either class certification or recovery at trial on the merits.

      However, in reaching either decision, "courts must consider the particular facts before them and apply the language of the statutes and wage orders at issue."  Harris, 53 Cal. 4th at 190.  That is, the basic facts regarding what employees actually do at work – as opposed to their job title or stated position – are relevant to the determination whether they are exempt from overtime pay or not.  See Farmers Insurance Exchange, 481 F.3d at 1132 ("the district court's factual findings [after a bench trial] confirm that FIE's liability, automobile damage and property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5519 AHM (MRWx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | Bucklin v. American Zurich Insurance Co. | | |

adjusters satisfy both prongs of the duties test. They are therefore exempt from the FLSA's requirements.")[1]

The Court concludes that Plaintiffs have made a prima facie showing that they are entitled to certain discovery to explore the merits of their potential class and claims. A limited amount of discovery will advance the litigation, and allow the parties to adequately litigate the certification and merits issues as they arise in this case. The parties agree that the putative class is limited to claims examiners, adjusters, and specialists working in the workers' compensation line of American Zurich's business in California. Based on that definition, Defendant shall provide responses to Interrogatory # 2 (number of individuals) and # 4 (statement of job duties). Defendant shall also identify and produce materials responsive to Interrogatory # 9 and the related document request (company policies and job descriptions) without redaction as discussed at the hearing. This material shall be produced by or before May 14, 2012.

As to Plaintiffs' request for employee contact information (Interrogatory # 6), the Court directs the parties to discuss the issue informally and attempt to reach agreement regarding the manner by which this information will be provided to a third party administrator to issue a mailing to the potential classmembers. The parties may return to the Court and/or submit additional briefing if necessary to resolve any remaining dispute on this issue.

---

[1] Plaintiffs argue that the direct holding in the Farmers case does not apply to their state labor law (rather than federal statutory) claims. Without addressing that issue, the Court simply notes the procedural history of the action – the Farmers decision was based on the results of a trial conducted after extensive pretrial discovery.