HARDY R. MURPHY, CA Bar No. 187149
hardy.murphy@ogletreedeakins.com
CHRISTOPHER W. DECKER, CA Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Defendant
ZURICH AMERICAN INSURANCE
COMPANY (erroneously sued as AMERICAN
ZURICH INSURANCE COMPANY)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORA BUCKLIN and VIRGINIA L. BURTON, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN ZURICH INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No. 2:11-CV-05519-AHM (MRWx)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: March 21, 2011<br>Trial Date:        None Set<br>Judge:             Hon. A. Howard Matz |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant ZURICH AMERICAN INSURANCE COMPANY, erroneously sued as American Zurich Insurance Company, hereby answers the Second Amended Complaint filed by Plaintiffs CORA BUCKLIN and VIRGINIA L. BURTON in the above-captioned matter. Any allegation in the Second Amended Complaint not specifically admitted herein is denied.

## THE PARTIES

1.     Defendant is a New York Corporation, with its United States headquarters in Schaumburg, Illinois, and an indirect subsidiary of Zurich Insurance Group, conducting business in California, including in San Francisco. Defendant denies all remaining allegations.

2.     Defendant admits that it offers property and casualty insurance products, including accident and health, general liability, surety and workers' compensation insurance and admits that it' serves the global corporate, large corporate, middle market, specialties and programs sectors. All remaining allegations are conclusions of law as opposed to factual allegations, and accordingly, no answer is required. To the extent Paragraph No. 2 purports to contain any factual allegations, Defendant denies the allegations. To the extent this Paragraph contains legal contentions for which a response is required, Defendant further denies Plaintiffs' legal allegations contained therein.

3.     Defendant admits that Plaintiff Cora Bucklin was employed by Defendant in California as a Claims Specialist III from on or about April 18, 2005 to on or about December 3, 2010. Defendant denies the remaining allegations.

4.     Defendant admits that Plaintiff Virginia L. Burton was employed by Defendant in California as a Claims Specialist II from on or about November 4, 2002 to approximately August 2004, and as a Claims Specialist III from approximately August 2004 to on or about April 2, 2010. Defendant denies the remaining

1  allegations.

2       5.    Defendant admits the allegations of paragraph 5.

3       6.    Defendant admits that, during the course of their employment, Plaintiffs

4  adjusted claims, but denies that such duties are "production tasks."  Defendant

5  admits that -the Second Amended Complaint purports to be a class action and

6  purports to be brought on behalf of "Claims Examiner" employees, however,

7  Defendant denies that this case is properly maintainable as a class action, as alleged.

8  Defendant admits that Plaintiffs' job duties included claims handling, but denies that

9  Plaintiffs were part of a "production team" and denies that "third party claims

10  administration" and "risk management" were services provided by Plaintiffs.

11  Defendant denies the remaining allegations.

12       7.    Defendant denies the allegations.

13       8.    Defendant admits that it set a general work schedule for Plaintiffs and

14  denies the remaining allegations.

15       9.    Defendant admits that there was no alternative workweek election for

16  Plaintiffs' position and denies the remaining allegations.

17       10.    Defendant admits that Plaintiffs were exempt employees and,

18  accordingly, were not entitled to overtime compensation pursuant to California law

19  and denies the remaining allegations.

20       11.    Defendant admits that the Second Amended Complaint purports to be a

21  class action, however, Defendant denies that this case is properly maintainable as a

22  class action as alleged and denies the remaining allegations.

23       12.    Defendant denies the allegations.

24       13.    Paragraph No. 13 contains conclusions of law as opposed to factual

25  allegations, and accordingly, no answer is required.  To the extent that Paragraph No.

26  13 purports to contain any factual allegations or to give rise to any inferences,

27  Defendant denies the allegations.  To the extent this Paragraph contains legal

28  contentions for which a response is required, Defendant further denies Plaintiffs'

1  legal allegations contained therein.

2  **THE CONDUCT**

3      14.    Defendant denies the allegations.

4      15.    Paragraph No. 15 contains conclusions of law as opposed to factual

5  allegations, and accordingly, no answer is required.  To the extent that Paragraph No.

6  15 purports to contain any factual allegations or to give rise to any inferences,

7  Defendant denies the allegations.  To the extent this Paragraph contains legal

8  contentions for which a response is required, Defendant further denies Plaintiffs'

9  legal allegations contained therein.

10      16.    Defendant denies the allegations.

11      17.    Defendant admits that Plaintiffs were exempt employees and denies the

12  remaining allegations.

13      18.    Defendant denies the allegations.

14      19.    Defendant denies the allegations.

15      20.    Defendant denies the allegations.

16      21.    Paragraph No. 21 contains conclusions of law as opposed to factual

17  allegations, and accordingly, no answer is required.  To the extent that Paragraph No.

18  21 purports to contain any factual allegations or to give rise to any inferences,

19  Defendant denies the allegations.  To the extent this Paragraph contains legal

20  contentions for which a response is required, Defendant further denies Plaintiffs'

21  legal allegations contained therein,

22      22.    Defendant admits that Plaintiffs were exempt employees and were not

23  entitled to overtime compensation pursuant to California law and denies the

24  remaining allegations.

25      23.    Paragraph No. 23 contains conclusions of law as opposed to factual

26  allegations, and accordingly, no answer is required.  To the extent that Paragraph No.

27  23 purports to contain factual allegations or to give rise to any inferences, Defendant

28  denies the allegations.  To the extent this Paragraph contains legal contentions for

which a response is required, Defendant further denies Plaintiffs' legal allegations contained therein.

### THE UCL REMEDIES

24.    Defendant admits that Plaintiffs seek the relief set forth in Paragraph No. 24, but denies that Plaintiffs are entitled to any of the requested relief or any relief whatsoever, Defendant further denies that this action is properly maintainable as a class action and denies all remaining allegations,

### THE CALIFORNIA CLASS

25.    Defendant admits that Plaintiffs purport to bring a cause of action under California Business & Professions Code, but denies that Plaintiffs are entitled to any relief pursuant to that statute or any relief whatsoever and denies the remaining allegations in Paragraph No. 25.  Defendant further admits that Plaintiffs attempt to bring this action as a class action, but Defendant denies that this action is properly maintainable as a class action, as alleged.  To the extent that Paragraph No. 25 contains conclusions of law as opposed to factual allegations, no answer is required.

26.    Paragraph No. 26 contains conclusions of law as opposed to factual allegations, and accordingly, no answer is required.  To the extent that Paragraph No. 26 purports to contain any factual allegations or to give rise to any inferences, Defendant denies the allegations.  To the extent this Paragraph contains legal contentions for which a response is required, Defendant further denies Plaintiffs' legal allegations contained therein.

27.    Defendant denies the allegations.

28.    Defendant denies the allegations,

29.    Defendant admits that Plaintiffs were exempt employees and denies the remaining allegations.

30.    Paragraph No. 30 contains conclusions of law as opposed to factual allegations, and accordingly, no answer is required, To the extent that Paragraph No. 30 purports to contain any factual allegations or to give rise to any inferences,

1  Defendant denies the allegations. To the extent this Paragraph contains legal
2  contentions for which a response is required, Defendant further denies Plaintiffs'
3  legal allegations contained therein.

4       31.    Paragraph No. 31 contains conclusions of law as opposed to factual
5  allegations, and accordingly, no answer is required. To the extent that Paragraph No.
6  31 purports to contain any factual allegations or to give rise to any inferences,
7  Defendant denies the allegations. To the extent this Paragraph contains legal
8  contentions for which a response is required, Defendant further denies Plaintiffs'
9  legal allegations contained therein.

10       32.    Defendant admits that Plaintiffs were properly classified as exempt
11  employees and, accordingly, were not entitled to overtime compensation pursuant to
12  California law. Defendant denies the remaining allegations.

13       33.    Defendant denies the allegations.

14       34.    Defendant denies the allegations,

15       35.    Defendant denies the allegations.

16       36.    Defendant admits that it maintains records reflecting each employee's
17  name and job title and denies the remaining allegations. To the extent this Paragraph
18  purports to incorporate allegations contained in other paragraphs, Defendant
19  incorporates by reference its responses to the allegations contained in such
20  paragraphs as though fully set forth herein.

21  **THE CALIFORNIA LABOR SUB-CLASS**

22       37.    Defendant admits that the Second Amended Complaint purports to be a
23  class action, however, Defendant denies that this case is properly maintainable as a
24  class action as alleged and denies the remaining allegations.

25       38.    Defendant admits that Plaintiffs were exempt employees and denies the
26  remaining allegations.

27       39.    Defendant admits that it employs individuals in a variety of positions
28  each performing different job functions and/or requiring different levels of expertise.

1   Defendant further admits that it employs a variety of different managers with varying

2   supervisory responsibility and/or authority over different departments, tasks and/or

3   employees.  Defendant denies the remaining allegations.

4        40.    Defendant admits that it maintains records that reflect its employees'

5   job titles and Defendant denies the remaining allegations.

6        41.    Paragraph No. 41 contains conclusions of law as opposed to factual

7   allegations, and accordingly, no answer is required.  To the extent that Paragraph No.

8   41 purports to contain any factual allegations or to give rise to any inferences,

9   Defendant denies the allegations.  To the extent this Paragraph contains legal

10  contentions for which a response is required, Defendant further denies Plaintiffs'

11  legal allegations contained therein.

12       42.    Defendant admits that Plaintiffs were properly classified as exempt

13  employees and, accordingly, were not entitled to overtime compensation pursuant to

14  California law.  Defendant denies the remaining allegations.

15       43.    Defendant denies the allegations,

16       44.    Defendant denies the allegations.

17       45.    Defendant denies the allegations,

18       46.    Defendant denies the allegations.

19       47.    Defendant denies the allegations.

20  **JURISDICTION AND VENUE**

21       48.    Defendant admits federal jurisdiction, that the Second Amended

22  Complaint purports to be a class action brought under Rule 23 of the Federal Rules

23  of Civil Procedure, and denies the remaining allegations.

24       49.    Defendant admits that venue is proper in this judicial district, that it is

25  subject to personal jurisdiction in this judicial district, that it maintains an office in

26  this judicial district, and that some of the acts alleged in plaintiffs' second amended

27  complaint occurred in this judicial district.  Defendant denies the remaining

28  allegations.

**SECOND CAUSE OF ACTION**
For Unlawful is Business Practices
[Cal. Bus. And Prof. Code §§ 17200 et seq]

**(By PLAINTIFFS and the CALIFORNIA CLASS and against All Defendants)**

50.     Paragraph No. 50 contains a statement of incorporation and does not require a response from Defendant.  Defendant incorporates by reference its responses to the allegations contained in Paragraphs No. 1 through 49 above as though fully set forth herein.

51.     Defendant admits that it is a corporation and states that the remaining allegations in Paragraph No. 52 contain conclusions of law as opposed to factual allegations, and accordingly, no answer is required.

52.     Paragraph No. 52 contains conclusions and/or statements of law as opposed to factual allegations, and accordingly, no answer is required.  To the extent that Paragraph No. 52 purports to contain any factual allegations or to give rise to any inferences, Defendant denies the allegations.  To the extent this Paragraph contains legal contentions for which a response is required, Defendant further denies Plaintiffs' legal allegations contained therein.

53.     Defendant denies the allegations and denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

54.     Defendant denies the allegations.

55.     Defendant admits that Plaintiffs seek the relief set forth in Paragraph No. 55, but denies that Plaintiffs and any member of the putative class are entitled to the requested relief or any relief whatsoever and Defendant denies the remaining allegations.

56.     Defendant admits that Plaintiffs seek the relief set forth in Paragraph No. 56, but denies that Plaintiffs and any member of the putative class are entitled to the requested relief or any relief whatsoever and Defendant denies the remaining allegations.

57.     Defendant denies the allegations.  To the extent this Paragraph purports

1  to incorporate allegations contained in other paragraphs, Defendant incorporates by

2  reference its responses to the allegations contained in such paragraphs as though

3  fully set forth herein,

4     58.   Defendant denies the allegations.

5     59.   Defendant admits that Plaintiffs seek such a declaration, but Defendant

6  denies that Plaintiffs are entitled to such a declaration and denies the remaining

7  allegations.

8     60.   Defendant denies the allegations.  To the extent Paragraph No. 60

9  purports to incorporate allegations contained in other paragraphs, Defendant

10  incorporates by references its responses to the allegations contained in such

11  paragraphs as though fully set forth herein.

12                    **SECOND CAUSE OF ACTION**
                    For Failure To Pay Overtime Compensation
13                    [Cal Lab, Code §§ 510, 1194 and 1198]

14     **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS)**

15     61.   Paragraph No. 61 contains a statement of incorporation and does not

16  require a response from Defendant.  Defendant incorporates by reference its

17  responses to the allegations contained in Paragraphs No. 1 through 60 above as

18  though fully set forth herein.

19     62.   Paragraph No. 62 contains conclusions and/or statements of law as

20  opposed to factual allegations and, accordingly, no answer is required.  To the extent

21  Paragraph No. 62 purports to contain any factual allegations or to give rise to any

22  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

23  legal contentions for which a response is required, Defendant further denies

24  Plaintiffs' legal allegations contained therein.

25     63.   Paragraph No. 63 contains conclusions and/or statements of law as

26  opposed to factual allegations and, accordingly, no answer is required.  To the extent

27  Paragraph No. 63 purports to contain any factual allegations or to give rise to any

28  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

1  legal contentions for which a response is required, Defendant further denies

2  Plaintiffs' legal allegations contained therein.

3      64.    Paragraph No. 64 contains conclusions and/or statements of law as

4  opposed to factual allegations and, accordingly, no answer is required.  To the extent

5  Paragraph No. 64 purports to contain any factual allegations or to give rise to any

6  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

7  legal contentions for which a response is required, Defendant further denies

8  Plaintiffs' legal allegations contained therein.

9      65.    Paragraph No. 65 contains conclusions and/or statements of law as

10  opposed to factual allegations and, accordingly, no answer is required.  To the extent

11  Paragraph No. 65 purports to contain any factual allegations or to give rise to any

12  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

13  legal contentions for which a response is required, Defendant further denies

14  Plaintiffs' legal allegations contained therein.

15      66.    Paragraph No. 66 contains conclusions and/or statements of law as

16  opposed to factual allegations and, accordingly, no answer is required.  To the extent

17  Paragraph No. 66 purports to contain any factual allegations or to give rise to any

18  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

19  legal contentions for which a response is required, Defendant further denies

20  Plaintiffs' legal allegations contained therein.

21      67.    Paragraph No. 67 contains conclusions and/or statements of law as

22  opposed to factual allegations and, accordingly, no answer is required.  To the extent

23  Paragraph No. 67 purports to contain any factual allegations or to give rise to any

24  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

25  legal contentions for which a response is required, Defendant further denies

26  Plaintiffs' legal allegations contained therein.

27      68.    Paragraph No. 68 and all of its subparts contain conclusions and/or

28  statements of law as opposed to factual allegations and, accordingly, no answer is

Case No. 2:11-CV-05519-AHM (MRWx)

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

13789919_1

1  required.  To the extent Paragraph No. 68 and all of its subparts purport to contain

2  any factual allegations or to give rise to any inferences, Defendant denies the

3  allegations. To the extent this Paragraph and its subparts contain legal contentions

4  for which a response is required, Defendant further denies Plaintiffs' legal

5  allegations contained therein.

6        69.    Defendant admits that Plaintiffs were exempt employees and denies the

7  remaining allegations.

8        70.    Paragraph No. 70 and all of its subparts contain conclusions of law as

9  opposed to factual allegations and, accordingly, no answer is required. To the extent

10  Paragraph No. 70 and all of its subparts purport to contain any factual allegations or

11  to give rise to any inference, Defendant denies the allegations.  To the extent this

12  Paragraph and its subparts contain legal contentions for which a response is required,

13  Defendant further denies Plaintiffs' legal allegations contained therein.

14        71.    Paragraph No. 71 and all of its subparts contain conclusions of law as

15  opposed to factual allegations and, accordingly, no answer is required.  To the extent

16  Paragraph No. 71 and all of its subparts purport to contain any factual allegations or

17  to give rise to, any inference, Defendant denies the allegations.  To the extent this

18  Paragraph and its subparts contain legal contentions for which a response is required,

19  Defendant further denies Plaintiffs' legal allegations contained therein.

20        72.    Paragraph No. 72 and all of its subparagraphs and subparts contain

21  conclusions of law as opposed to factual allegations and, accordingly, no answer is

22  required.  To the extent Paragraph No. 72 and its subparts and subparagraphs purport

23  to contain any factual allegations or to give rise to any inferences, Defendant denies

24  the allegations.  To the extent this Paragraph and its subparagraphs and subparts

25  contains legal contentions for which a response is required, Defendant further denies

26  Plaintiffs' legal allegations contained therein.

27        73.    Defendant denies the allegations,

28        74.    Defendant lacks sufficient knowledge either to admit or deny the

1  allegations and on that basis denies generally and specifically the allegations.

2       75.    Paragraph No. 75 contains conclusions of law as opposed to factual

3  allegations and, accordingly, no response is required.  To the extent Paragraph No.

4  75 purports to contain any factual allegations, Defendant denies the allegations. To

5  the extent this Paragraph contains legal contentions for which a response is required,

6  Defendant further denies Plaintiffs' legal allegations contained therein.

7       76.    Defendant denies the allegations.

8       77.    Defendant denies the allegations.

9       78.    Defendant admits that Plaintiffs request such recovery, but deny that.

10  Plaintiffs and members of the putative class are entitled to such relief or any relief

11  whatsoever and Defendant denies the remaining allegations.

12       79.    Defendant denies the allegations.

13  **THIRD CAUSE OF ACTION**

14  For Failure to Provide Accurate Itemized Statements
[Cal. Lab. Code § 226]

15  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS)**

16       80.    Paragraph No. 80 contains a statement of incorporation and does not

17  require a response from Defendant.  Defendant incorporates by reference its

18  responses to the allegations contained in Paragraphs No. 1 through 79 above as

19  though fully set forth herein.

20       81.    Paragraph No. 81 contains conclusions and/or statements of law as

21  opposed to factual allegations and, accordingly, no answer is required.  To the extent

22  Paragraph No. 81 purports to contain any factual allegations or to give rise to any

23  inferences, Defendant denies the allegations.  To the extent this Paragraph contains

24  legal contentions for which a response is required, Defendant further denies

25  Plaintiffs' legal allegations contained therein.

26       82.    Defendant denies the allegations.

27       83.    Defendant denies the allegations and denies that Plaintiffs and any

28  member of the putative class are entitled to the relief sought, or any relief

11

Case No. 2:11-CV-05519-AHM (MRWx)

1  whatsoever.

2  ## FOURTH CAUSE OF ACTION
   Labor Code Private Attorney General Act of 2004
3  [Cal. Lab. Code § 2698 et seq. I

4  **(By PLAINTIFFS and the CALIFORNIA LABOR CLASS and against all**

5  **Defendants)**

6      84.    Paragraph No. 84 contains a statement of incorporation and does not

7  require a response from Defendant.  Defendant incorporates by reference its

8  responses to the allegations contained in Paragraphs No. 1 through 83 above as.

9  though fully set forth herein.

10      85.    Defendant admits that Plaintiffs purport to bring this action as a

11  representative action on behalf of "Claims Specialists I-III "within Defendant's

12  workers compensation division in California during the applicable statutory period.

13  However, Defendant denies that this case is properly maintainable as a representative

14  action, as alleged.

15      86.    Defendant admits that a letter purporting to give notice to the Labor and

16  Workforce Development Agency is attached as Exhibit 1 to the Second Amended

17  Complaint.  The remaining allegations contained in Paragraph No. 86 contain

18  conclusions and/or statements of law as opposed to factual allegations and,

19  accordingly, no answer is required.  To the extent Paragraph No. 86 purports to

20  contain any factual allegations or to give rise to any inferences, Defendant denies the

21  allegations. To the extent this Paragraph contains, legal contentions for which a

22  response is required, Defendant further denies Plaintiffs' legal allegations contained

23  therein.

24      87.    Defendant denies the allegations and denies that Plaintiffs are entitled to

25  the requested relief or any relief whatsoever.

26  ## PRAYER FOR RELIEF

27      Defendant denies that Plaintiffs or any purported "class" or purported

28  "aggrieved employee" should be awarded the relief sought in the Prayer for Relief,

1  or any relief whatsoever. Defendant also denies that this case is properly
2  maintainable as a class action as alleged and denies that Plaintiffs can establish their
3  burden to show that this lawsuit should proceed as a class action under Rule 23 of
4  the Federal Rules of Civil Procedure, Defendant denies all remaining allegations in
5  Plaintiffs' Prayer for Relief and all of its subparts.

6  ### AFFIRMATIVE AND OTHER SEPARATE DEFENSES

7  In further answer to Plaintiffs' Second Amended Complaint, Defendant asserts
8  the following additional defenses without assuming any burden of production or
9  proof that it would not otherwise have:

10 ### SECOND SEPARATE DEFENSE
11 (Failure to State a Claim for Relief)

12 1.    Neither the Second Amended Complaint as a whole, nor any purported
13 cause of action alleged therein, states facts sufficient to constitute a cause of action
14 or claim for relief against Defendant.

15 ### SECOND SEPARATE DEFENSE
16 (Estoppel)

17 2.    Plaintiffs' claims, in whole or in part, are barred by the doctrine of
18 estoppel. Plaintiffs, by their own conduct and actions, are estopped, as a matter of
19 law, from pursuing the claims alleged in the Second Amended Complaint.  To the
20 extent Plaintiffs purport to pursue a class action, individual issues predominate as to
21 whether each putative class member is estopped from asserting the claims alleged in
22 the Second Amended Complaint.

23 ### THIRD SEPARATE DEFENSE
24 (Lathes)

25 3.    Plaintiffs' claims, in whole or in part, are barred by the doctrine of
26 laches because Plaintiffs exercised inexcusable delay in commencing this action.  To
27 the extent that Plaintiffs purport to pursue a class action, individualized issues
28 predominate as to whether each putative class member also is barred by the doctrine

1  of laches.

### FOURTH SEPARATE DEFENSE
#### (Waiver)

4.    Plaintiffs' claims, in whole or in part, are barred by the doctrine of waiver.  Plaintiffs by their own conduct and actions, have waived the right, if any, to assert the claims alleged in the Second Amended Complaint.  To the extent Plaintiffs purport to pursue a class action, individual issues predominate as to whether each putative class member has waived the right, if any, to assert the claims alleged in the Second Amended Complaint.

### FIFTH SEPARATE DEFENSE
#### (Unclean Hands)

5.    Plaintiffs' claims, in whole or in part, are barred by the doctrine of unclean hands. To the extent that Plaintiffs purport to pursue a class action, individual issues predominate as to each putative class member's conduct showing unclean hands or right to equitable relief,

### SIXTH SEPARATE DEFENSE
#### (Statute of Limitations)

6.    Plaintiffs' claims are barred, in whole or in part, by any applicable statutes of limitations, including but not limited to 29 U.S.C. § 255, California Code of Civil Procedure §§ 335.1, 337, 338, 339, and 340, Labor Code § § 203 and 2699, and California Business & Professions Code § 17208.

### SEVENTH SEPARATE DEFENSE
#### (Res Judicata and/or Collateral Estoppel)

7.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiffs, any putative class action member or other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that he or she was entitled to additional payment for overtime and/or penalties, and did not prevail on such claim.

### EIGHTH SEPARATE DEFENSE
(Offset)

8.     To the extent that Plaintiffs or members of the putative class are entitled to damages or penalties (which is expressly denied), Defendant is entitled, under the equitable doctrines of setoff and recoupment, to an offset for any overpayment of wages or other consideration previously provided to those parties.

### NINTH SEPARATE DEFENSE
(Accord and Satisfaction and/or Release)

9.     Plaintiffs' claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiffs or any putative class member has entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

### TENTH SEPARATE DEFENSE
(Failure to Exhaust)

10.     Plaintiffs' claims are barred to the extent they have failed to satisfy the jurisdictional and/or statutory prerequisites for their causes of action, and/or have failed to exhaust all administrative remedies and/or failed to timely exhaust those remedies as required by law,

### ELEVENTH SEPARATE DEFENSE
(No Willfulness)

11.     Plaintiffs or any putative class member are not entitled to any penalty awarded under California Labor Code § 203, or any other penalty provision therein, as, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of California Labor Code. § 200, et seq., or any other provision, but rather acted in .good faith and had reasonable grounds for believing that they did not violate the compensation provisions of California Labor Code § 200, et seq., or any other provision therein. Defendant's conduct was not willful for purposes of the FLSA provisions governing the statute of limitations

1   and/or liquidated damages.

### TWELFTH SEPARATE DEFENSE
(Good Faith)

12.    Defendant's acts or omissions complained of in the Second Amended Complaint were undertaken in good faith and in reasonable reliance on an administrative regulation, order, ruling approval or interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendant belongs, and thus are subject to the provisions of 29 U.S.C, § 259.

### THIRTEENTH SEPARATE DEFENSE
(Good Faith)

13.    Defendant's acts or omissions complained of in the Second Amended Complaint were undertaken in good faith and Defendant had reasonable grounds for believing that its actions or omissions were not in violation of applicable laws and thus subject to the provisions of 29 U.S.C. § 260. Plaintiffs' California Labor Code claims are barred in whole or in part on the ground that a good faith dispute exists regarding whether overtime or any other alleged unpaid wages are due.

### FOURTEENTH SEPARATE DEFENSE
(Not Compensable Time)

14.    Defendant states, in the alternative if necessary, that even if it has in fact failed to pay Plaintiffs or any putative class member fox any of the activities alleged in the Second Amended Complaint (which is expressly denied), such activities doe not constitute compensable work under the FLSA and/or applicable California state laws, and furthermore, such activities were not an integral and indispensable part of the principal activities of employment and therefore are not compensable.

### FIFTEENTH SEPARATE DEFENSE
(No Standing)

15.    Plaintiffs lack standing to seek civil penalties or damages under relevant

Case No. 2:11-CV-05519-AHM (MRWx)
DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

13789919_1

1   portions of the California Labor Code and California Business and Professions Code

2   § 17200, et seq., because Plaintiffs have not suffered any injury in fact or lost money

3   or property as a result of any alleged unfair competition, and/or penalties are

4   unavailable under the statutes Plaintiffs sue upon.

### SIXTEENTH SEPARATE DEFENSE
(Private Attorneys General Act Prerequisites)

7       16.    Plaintiffs have failed to satisfy the procedural prerequisites to the civil

8   penalty provisions for which they seek to recover under the California Labor Code's

9   Private Attorneys General Act,

### SEVENTEENTH SEPARATE DEFENSE
(Confiscatory and Unconstitutional Penalties)

12       17.    Neither Plaintiffs nor any putative class member is entitled to any

13   penalty award under the California Labor Code to the extent that the penalty

14   provisions of the applicable Labor Code sections invoked establish penalties that are

15   unjust, arbitrary and oppressive, or confiscatory within the meaning of California

16   Labor Code § 2699, and are disproportionate to any damage or loss incurred as a

17   result of Defendant's alleged conduct, and are unconstitutional under Article I, § VII

18   of the California Constitution.

### EIGHTEENTH SEPARATE DEFENSE
(Exempt From Overtime)

21       18.    Plaintiffs' claims for overtime wages are barred because Plaintiffs were

22   at all times exempt from the overtime pay requirements of federal and' California

23   law pursuant to the exemptions for professional, administrative, or executive

24   employees, To the extent that Plaintiffs purport to pursue a class action

25   individualized issues predominate as to whether each putative class member was

26   and/or is exempt from the overtime pay requirements of federal and California law.

27

28

Case No. 2:11-CV-05519-AHM (MRWx)

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## NINETEENTH SEPARATE DEFENSE
(Reasonable Expectations of the Employer)

19.    To the extent Plaintiffs or putative class members were performing non-exempt tasks more than 50% of the time (which is expressly denied), Plaintiffs and/or the putative class members were not meeting the reasonable expectations of the employer for their respective positions,

## TWENTIETH SEPARATE DEFENSE
(No Injury)

20.    Plaintiffs' claim for penalties pursuant to California Labor Code § 226 fails because neither Plaintiffs nor any putative class member has suffered any injury as a result of the alleged statutory violation.

## TWENTY-SECOND SEPARATE DEFENSE
(Failure to Mitigate)

21.    Plaintiffs did not mitigate their damages, and Plaintiffs' damages, if any are awarded, should be reduced to the extent Plaintiffs have failed to mitigate them. To the extent that Plaintiffs purport to pursue a class action, individualized issues predominate as to each putative class members' failure to take reasonable efforts to mitigate or minimize damages.

## TWENTY-SECOND SEPARATE DEFENSE
(Contribution by Plaintiffs' Own Acts)

22.    If the injuries and/or alleged damages in the Second Amended Complaint occurred at all (which Defendant expressly denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiffs' own acts, omissions and/or failures to act. To the

extent that Plaintiffs purport to pursue a class action, individual issues predominate as to each potential class members' own acts, omissions and/or failures to act.

13789919_1

### TWENTY-THIRD SEPARATE DEFENSE
(Avoidable Consequences Doctrine)

23.   Plaintiffs' Second Amended Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

### TWENTY-FOURTH SEPARATE DEFENSE
(No Class Action)

24.   Plaintiffs' allegations that this action should be certified as a class action fail as a matter of law because Plaintiffs cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-FIFTH SEPARATE DEFENSE
(Failure to State Facts Warranting a Predominance of Common Questions of Fact and Law)

25.   Plaintiffs' Second Amended Complaint, and each cause of action alleged therein, fails because Plaintiffs cannot allege predominant questions of fact and law, as required under Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-SIXTH SEPARATE DEFENSE
(Inadequate Class Representatives)

26.   Plaintiffs' Second Amended Complaint, and each purported cause of action alleged therein, fails because Plaintiffs arc not adequate representatives of the alleged class that they purport to represent. Defendant alleges that Plaintiffs do not have claims typical of the alleged class, if any, and that Plaintiffs' interests are antagonistic to the alleged class they purport to represent. Defendant further alleges that Plaintiffs are not "similarly situated" to any other employees whom they claim to purportedly represent. As such, the class action claims and allegations fail, as a matter of law.

## TWENTY-SEVENTH SEPARATE DEFENSE
(Attorneys' Fees and Costs)

27.    To the extent that Plaintiffs seek recover of attorneys' fees and costs, such fees and costs are not recoverable.

## TWENTY-EIGHTH SEPARATE DEFENSE
(Adequate Remedy at Law)

28.    Plaintiffs' claim for equitable relief is barred because to the extent that Plaintiffs have been injured at all, which Defendant denies, Plaintiffs have an adequate remedy at law.

## ADDITIONAL DEFENSE
(Pending Discovery)

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

Wherefore, having answered Plaintiffs' Second Amended Complaint, Defendant prays that this Court enter judgment as follows:

1 .    That the Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.    That Plaintiffs take nothing by way of their Second Amended Complaint;

3.    That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

1      4.    That Defendant be awarded such other and further relief as the Court

2  may deem appropriate,

3

4  DATED:  November 21, 2012        OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.

5

6

7                                 By:  /s/ Christopher. W. Decker

8                                      Hardy R. Murphy
                                       Christopher W. Decker

9                                      Attorneys for Defendant
                                       ZURICH AMERICAN INSURANCE

10                                     COMPANY (erroneously sued as
                                       AMERICAN ZURICH INSURANCE

11                                     COMPANY)

12

13 13789919.1 (OGLETREE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

     On November 21, 2012, I served the following document(s) described as:

**DEFENDANT'S ANSWER TO PLAINTIFFS'**
**SECOND AMENDED COMPLAINT**

With the Clerk of the United States District Court of Central District of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Aparajit Bhowmik, Esq.<br>Piya Mukherjee, Esq.<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, California 92037 | Attorneys for Plaintiffs<br>Cora Bucklin and<br>Virginia L. Burton |

Telephone: (858) 551-1223
Facsimile: (858) 551-1232

☒    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

     Executed on November 21, 2012, at Los Angeles, California.

Connie Ray
_____
Type or Print Name

_Connie Ray_
_____
Signature

12846279.1 (OGLETREE)